UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re ) | |
| ) | |
| JACOB ANTHONY SAMBORSKI, JR. & ) | Case no. 09-43320-drd13 |
| JUDITH ANN SAMBORSKI ) | |
| ) | |
| Debtors ) | |
| ) | |
| ) | |
| JACOB ANTHONY SAMBORSKI, JR. & ) | |
| JUDITH ANN SAMBORSKI ) | |
| Plaintiffs ) | |
| v. ) | Adversary No. 14-4010-drd |
| ) | |
| GREEN TREE SERVICING LLC ) | |
| Defendant ) | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS DEBTORS' MOTION TO COMPEL
DEFENDANT TO ISSUE A CORRECTED 1099 AND FOR ATTORNEYS FEES

Green Tree Servicing LLC offers this Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' "Motion to Compel Defendant to Issue a Corrected 1099 and for Attorneys Fees."

I. No Harm Shown: Receiving a Form 1099 Does Not Mean Assessment of Taxes

An injunction of the sort that Plaintiffs seek by their "Motion to Compel" requires pleading and proof of irreparable harm. *Buetow v. A.L.S. Enterprises Inc.*, 650 F.3d 1178, 1183 (8th Cir. 2011). Plaintiffs have not pleaded any harm, let alone irreparable harm.

Federal tax law imposes the duty for a payer to issue Form 1099 in the appropriate circumstances. 26 U.S.C. § 6041(a). It is an information return addressed to the IRS. *Id.* The regulations that govern are complex. 26 CFR § 1.6041-1 et seq. Penalties are provided on a per

1

return basis, and the penalties may be substantial if one type of error affects many different payees.  26 CFR § 301.6721-1 et seq.

The submission of a Form 1099 with the IRS does not necessarily mean that the amount reported in the 1099 will be taxed. The 1099 is referred to as an 'information return.'  It merely puts both the recipient of a payment and the IRS on notice that the payment has been made. A Form 1099, standing alone without other evidence to support it, is an insufficient basis for to support an IRS notice of tax deficiency and does not invoke the presumption of correctness. *Portillo v. C.I.R.,* 932 F.2d 1128, 1134 (5th Cir.1991).  If not supported by additional evidence, any assessment of taxes based solely upon a Form 1099 represents a "naked assessment" that is not entitled to the usual presumptions in favor of the IRS and may also lead to recoveries of litigation costs by the taxpayer.  *Portillo v. C.I.R.,* 988 F.2d 27 (5th Cir. 1993); *Daines v. Alcatel, S.A.,* 105 F.Supp.2d 1153 (E.D. Wash. 2000) (internal citations omitted).

Complications can ensue when a settlement agreement addresses particulars of how or when a Form 1099 may be entered.  See, e.g., *McClusky v. Century Bank*, 598 Fed.Appx. 383 (6th Cir. 2015); *Duse v. IBM,* 252 F.3d 151 (2d Cir. 2001).  That is not the case here.  Nothing in the previous settlement or enforcement proceedings in this case addressed the issuance of a Form 1099.

Perhaps it is implied in Plaintiffs' Motion that they will have to include an explanation of the 1099 in their Form 1040 documents.  That is a task that should be considered *de minimis*.  It is certainly not the type of irreparable harm that an injunction is intended to forestall.

<u>II. No Lack of Remedy at Law Shown: Procedures for Handling Erroneous 1099</u>

A remedy at law is available to Plaintiffs as an alternative to an injunction, and Plaintiffs have not pleaded otherwise.

When there is a dispute about the taxability of a payment, it is for the taxpayer and the IRS to work out, not for this Court. The taxpayer addresses any discrepancy between reported income and income included in a Form 1099 by sending a short explanation with the income tax return. The IRS will then determine if it has another view. The process is well described in *Kelly v. Wright*, 2010 WL 4157160, at note 5 (D. Minn. 2010):

> The issuance of an IRS Form 1099–MISC form is not a definitive determination that the amounts described therein are 'gross income' as defined by statute. The issuance of an IRS Form 1099–MISC is another party's determination that the amounts described therein are 'gross income.' The IRS provides a means for a taxpayer to dispute the characterization of amounts described on an IRS Form 1099–MISC as 'gross income.' *See* IRS Publ. 1, *Your Rights as a Taxpayer* (2005) ('If you disagree with us about the amount of your tax liability or certain collection actions, you have the right to ask the Appeals Office to review your case. You may also ask a court to review your case.'). Thus, to the extent that Plaintiff disputed the characterization of the settlement amount paid to him as 'gross income,' Plaintiff's dispute is with the IRS, not with Defendant.

Furthermore, the instructions for Form 1099 itself tell a recipient what to do if the 1099 is believed to be erroneous. "If this form is incorrect or has been issued in error, contact the payer. If you cannot get this form corrected, attach an explanation to your tax return and report your

3

income correctly." IRS Form 1099, "Instructions for Recipient," *available at* http://www.irs.gov/pub/irs-pdf/f1099msc.pdf.

Finally, particulars on how to deal with money received in a settlement of litigation are found in IRS Publication 525, "Taxable and Nontaxable Income," http://www.irs.gov/pub/irs-pdf/p525.pdf. If Plaintiffs claim that it is too complicated a subject for them to understand, then they should consult a tax preparer or other professional. Green Tree should not be put in between the taxpayer and the IRS in connection with the payments that Green Tree reports to the IRS.

### III. No Justification for Attorneys' Fees is Stated

Plaintiffs seek attorneys' fees but offer no ground for awarding them. Attorneys' fees are not awarded absent a statute that allows them or in other very limited circumstances. *See generally Craig Outdoor Advertising v. Viacom Outdoor, Inc.,* 528 F.3d 1001, 1029 (8th Cir. 2008). Nothing is pleaded in the Motion to Compel that justifies fee-shifting in this case.

### Conclusion

There is no basis in the law for the Motion to Compel filed by Plaintiffs. Plaintiffs have remedies with the IRS that are much less intrusive to Plaintiffs than an Order from this Court would be to Green Tree. Furthermore, when one considers how this type of case could affect lenders, it is obvious that there may be differences between what the IRS requires in information reports and what payees may want a Court to order payers to do. Green Tree is thus possibly exposed to inconsistent obligations if the courts start entering orders in respect to how Form 1099s should be issued.

/

/

For all of these reasons, the Motion to Compel should be dismissed.

                                WASINGER DAMING, L.C.

By:    /s/ James S. Cole
      James S. Cole, #26787
      1401 S. Brentwood Blvd., Suite 875
      St. Louis, MO 63144
      (314) 961-0400; fax (314) 961-2726
      jcole@wasingerdaming.com

      Attorneys for Green Tree Servicing LLC

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing documents was served by the Court's electronic noticing system to all parties who participate in the ECF System in this case on July 6, 2015.

                              /s/ James S. Cole

Chelsea S. Springer, Esq.           Attorney for Plaintiffs
Law Offices of Tracy L. Robinson
1125 Grand Blvd., Suite 1300
Kansas City, MO 64106